IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

ANDREA NICOLE GIST, as Executrix of the
Estate of BETH ANN GIST,

PLAINTIFF,

vs.    CIVIL ACTION NO.

UNITED STATES OF AMERICA;
UNITED STATES DEPARTMENT OF TRANSPORTATION;
FEDERAL AVIATION ADMINISTRATION;
JOHN DOES 1-5

DEFENDANTS.

## COMPLAINT

Plaintiff, ANDREA NICOLE GIST, as Executrix of the Estate of Beth Ann Gist, deceased, by and through counsel, hereby files this Complaint against the UNITED STATES OF AMERICA, THE UNITED STATES DEPARTMENT OF TRANSPORTATION, THE FEDERAL AVIATION ADMINISTRATION, and JOHN DOES 1-5. In support thereof, Plaintiff states the following:

## PARTIES

1. ANDREA NICOLE GIST, as executrix of the Estate of Beth Ann Gist, is an adult who resides at 5 Settings Boulevard, Black Mountain, North Carolina 28711.

2. ANDREA NICOLE GIST was duly appointed Executrix of the Estate of Beth Ann Gist by the Superior Court, Buncombe County, State of North Carolina, on December 6, 2022

1

(Exhibit 1).

3. Defendant, The UNITED STATES OF AMERICA ("Defendant USA"), through its agency/instrumentality, The FEDERAL AVIATION ADMINISTRATION ("FAA"), was responsible for providing air traffic control services to Dr. William Edward Gist, a fully qualified pilot at the controls of a Cessna Model 182P single engine aircraft, bearing U.S. Registration Number N58807 ("Cessna N58807"). Defendant USA may be served with process pursuant to Fed. R. Civ. P. 4(i) by delivering a copy of the Summons and Complaint to the United States Attorney for the district in which the action is brought and by also sending a copy of the Summons and Complaint by registered or certified mail to the Attorney General of the United States, Merrick Garland, in Washington, District of Columbia.

4. Defendant UNITED STATES DEPARTMENT OF TRANSPORTATION is an entity of the United States Government and may be served with process pursuant to Fed. R. Civ. P. 4(i) by delivering a copy of the Summons and Complaint to the United States Attorney for the district in which the action is brought and by also sending a copy of the Summons and Complaint by registered or certified mail to the Attorney General of the United States, Merrick Garland, in Washington, District of Columbia, and the United States Department of Transportation in Washington, District of Columbia.

5. Defendant FEDERAL AVIATION ADMINISTRATION (FAA) is an entity of the United States Government and may be served with process pursuant to Fed. R. Civ. P. 4(i) by delivering a copy of the Summons and Complaint to the United States Attorney for the district in which the action is brought and by also sending a copy of the Summons and Complaint by registered or certified mail to the Attorney General of the United States,

Merrick Garland, in Washington, District of Columbia and the FAA in Washington, District of Columbia.

6. Defendants John Does 1-5 are persons or entities whose identities are not known at this time.

## JURISDICTION AND VENUE

7. This Court has exclusive jurisdiction pursuant to 28 U.S.C. §§ 1331, 1346 and 2671-2680 as the United States of America is a party to this action.

8. This Court has *in personam* jurisdiction over each Defendant as the UNITED STATES OF AMERICA, the UNITED STATES DEPARTMENT OF TRANSPORTATION, and the FEDERAL AVIATION ADMINISTRATION regularly conduct operations and business in the State of Tennessee.

9. Venue is proper in the United States District Court for the Western District of North Carolina, Asheville Division, pursuant to 28 U.S.C. §1402(b) as the Plaintiff resides in the District.

10. On July 6, 2023, Plaintiff, ANDREA NICOLE GIST, timely presented her Administrative Claims for damages to the FAA pursuant to the provisions of 28 U.S.C. § 2675 (Exhibit 2). On January 3, 2024, the FAA sent its letter denying the administrative claim which is a final denial for purposes of 28 U.S.C. § 2675 (Exhibit 3).

## FACTS

11. Beth Ann Gist was killed on September 5, 2022, in the crash of Cessna N58807, and is survived by her son, Ryan Hudson, the person entitled to recover for the wrongful death of Beth Ann Gist under the laws of the State of North Carolina.

12. On September 5, 2022, Decedent Beth Ann Gist was a resident of Black Mountain, North

3

Carolina.

13. At all times relevant hereto, Cessna N58807 was under the control of and was required to follow the instructions of the FAA's Air Traffic Controllers.

14. At approximately 2:48 pm on September 5, 2022, Cessna N58807 departed Clarksdale, Mississippi Airport (CKM) on an instrument flight plan with an intended destination of the Asheville, North Carolina Regional Airport (AVL).

15. At 4:39 pm on September 5, 2022, Pilot Gist contacted the FAA's Air Traffic Control Chattanooga East Radar Position (CHAT ATC EAST) and reported level at an altitude of 9,000 feet mean sea level (MSL) while en route to Asheville.

16. At 4:55 pm on September 5, 2022, CHAT ATC EAST notified Cessna N58807 of moderate to heavy precipitation approximately ten (10) miles to his front.

17. As more fully set forth in the Preliminary Report of Air Traffic Control Expert Richard Burgess (attached hereto as Exhibit 4), for the next sixteen minutes, CHAT ATC EAST failed to comply with FAA Air Traffic Control procedures, and protocol, and these failures were a deviation in the standard of care, which Air Traffic Control Specialists are required to maintain.

18. The acts and omissions of CHAT ATC EAST started with the ineffective issuance of precipitation followed by the approval of a route that took Cessna N58807 moderate to heavy precipitation. Then followed (a) CHAT ATC EAST's failure out of to issue observed moderate to heavy precipitation until the aircraft was already in this critical weather situation which resulted in placing Cessna N58807 in an emergency situation; (b) CHAT ATC EAST's failure to take action when Cessna N58807 deviated from its approved route with no effort to advise the pilot what was observed, (c) CHAT ATC EAST's failure determine if the pilot could maintain a heading, identify any equipment problems that prevented the pilot from

maintaining a heading; and (d) failure to provide maximum assistance to Cessna 58807 to get out the critical weather area in an emergency situation.

19. The acts and omissions of the air traffic controllers were the direct cause of the loss of control and the subsequent fatal crash. Specifically, there were numerous instances where the air traffic controllers failed to issue proper instructions and warnings to Cessna N58807 all of which were in violation of the Air Traffic Controllers' Handbook and in violation of the applicable federal and state law.

20. The failure of CHAT ATC EAST to comply with the FAA procedures, which are specifically designed to prevent this kind of accident, and its total lack of concern for the safety of this aircraft, resulted in the death of Beth Ann Gist.

## CLAIMS

## COUNT ONE – NEGLIGENCE

21. Plaintiffs incorporate herein and reallege the foregoing averments of this Complaint.

22. Defendant USA and its agencies and instrumentalities, co-defendants herein, at all times relevant hereto, owed a duty to Plaintiff and her decedent to provide competent and complete air traffic control services as well as to relay accurate information to the pilot.

23. Defendant USA and its agencies and instrumentalities, co-defendants herein, at all times relevant hereto, owed a duty to Plaintiff and her decedent to provide competent and complete weather and meteorological information to Cessna N58807 and those on board.

24. As described above and in the Report of Expert Burgess attached hereto (EXH.4), Defendant USA and its co-defendants herein breached that duty by failing to comply with air traffic control procedures and protocol, and these failures were a deviation in the standard of care

for Air Traffic Control Specialists.

25. Specifically, among other acts and omissions, and as described in the Report of Expert Burgess (Exhibit 4), Defendants breached their duty by failing to provide adequate assistance, failing to use appropriate check lists, negligently giving mandatory altitude restrictions to an aircraft operating on partial power, and ultimately on no power, and giving inaccurate distance information to alternate airports.

26. These breaches by Defendants were proximate causes of the crash and the death of Beth Ann Gist.

27. Plaintiff and the wrongful death heirs have been damaged by these breaches as set forth below.

28. By virtue of the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, the United States is liable for the negligent acts and omissions of all Defendants. Plaintiff has exhausted all administrative prerequisites pursuant to 28 U.S.C. § 2675, including presenting its claim for damages to the Federal Aviation Administration on **July 6, 2003** (Exhibit 2). The Federal Aviation Administration denied the claim on **January 3, 2024** (Exhibit 3).

## DAMAGES

29. Plaintiff and the wrongful death heirs have suffered and will continue to suffer the following elements of damages:

    a. Loss of financial support

    b. Loss of consortium;

    c. Loss of care, comfort and advice

6

    d. Mental and Emotional anguish

## **<u>AD DAMNUM</u>**

Plaintiff respectfully request that the Court grant the following relief:

- Damages in the amount of $15,000,000;

- Plaintiff's attorneys' fees and costs;

- Pre-judgment and post-judgment interest;

- Such other and further relief as the Court deems appropriate.

This the 9th day of May, 2024.

                                            Respectfully submitted,

                                            James T. Crouse, Esq.
                                            N.C. State Bar Number 22643
                                            CROUSE LAW OFFICES, PLLC
                                            P.O. Box 33460
                                            Raleigh, North Carolina 27636
                                            Telephone: (919) 881-8441
                                            Facsimile: (919) 881-8435
                                            JTC@CrouseLaw.com

                                            Amanda C. Dure, Esq.
                                            N.C. State Bar Number 48710
                                            1717 N Street NW
                                            Washington, DC 20036
                                            P: (202) 638-5300
                                            F: (202) 393-1725
                                            adure@pangialaw.com

                                            Douglas P. Desjardins
                                            1717 N. St., NW
                                            Washington, D.C. 20036
                                            (202) 638-5300
                                            Fax (202) 393-1725
                                            dpd@pangialaw.com

                                            *Pro Hac Vice Pending*